IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| U.S. BANK TRUST, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, | * <br> * <br> * |
| Plaintiff, | * |
| v. | *   Civil Action No. 8:21-cv-2860-PX |
| MINERVA LEMUS, *et al.*, | * |
| Defendants. | * |
| | *** |

## MEMORANDUM OPINION

Presently pending is a motion for default judgment (ECF No. 19) filed by Plaintiff U.S. Bank Trust, N.A., Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust ("U.S. Bank"). Although Defendants Miverva Lemus, Reina Lemus, and Luis Ramos were properly served, none have answered or otherwise responded to the Complaint. No hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, U.S. Bank's motion is GRANTED.

I.   **Background**

The following Complaint facts are accepted as true. On July 23, 2004, Defendants Minerva Lemus, Reina Lemus, and Luis Ramos took ownership of real property located at 5011 Aspen Hill Road, Rockville, Maryland 20853 ("the Property"). ECF No. 1 at 2; *see also* ECF No. 1-1. On August 5, 2004, Defendants recorded two deeds of trust on the Property. ECF Nos. 1 at 3, 1-2, & 1-3. Two years later, on August 15, 2006, Defendants refinanced their home and obtained a $417,000 secured loan from Nationwide Mortgage Services ("Nationwide"). ECF No. 1 at 3; *see generally* ECF No. 1-4. At settlement, Nationwide paid off the prior deeds of

trust and became the first-priority lien holder.  ECF No. 1 at 4-7.

On September 12, 2006, the Nationwide deed of trust was recorded, but, "[b]y mutual mistake, Luis Ramos did not sign the Nationwide Mortgage Services DOT as a grantor."  ECF No. 1 at 4.  U.S. Bank—the current holder of the note secured by the Nationwide deed of trust—avers that this error "creates uncertainty as to U.S. Bank's rights in the Property and the status of its lien."  ECF No. 1 at 4.

On November 8, 2021, U.S. Bank initiated this action to clarify its rights to the Property.  ECF No. 1 at 4.  U.S. Bank seeks equitable relief, asking this Court to reform the deed of trust to reflect Luis Ramos as a signatory and co-grantor of the deed of trust (Count I); and declare that the deed of trust is valid and enforceable as of August 15, 2006, and that it encumbers the interests of all Defendants (Count II).  ECF No. 1 at 6.  U.S. Bank also asks the Court to impose a constructive trust on the Property (Count III).  ECF No. 1 at 6.

On March 17, 2022, U.S. Bank served the Complaint on Defendants (ECF Nos. 7, 8, & 9), and next moved for Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a).  ECF No. 12.  On May 12, 2022, the Clerk entered default.  ECF No. 13.  U.S. Bank now moves for default judgment.  ECF No. 19.

**II.     Standard of Review**

Rule 55 governs default judgments entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party.  Fed. R. Civ. P. 55(b)(2).  Although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is appropriate when the

"adversary process has been halted because of an essentially unresponsive party," *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In deciding whether to grant default judgment, the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); see Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in this context. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). Accordingly, where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g.*, *Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

If the Complaint avers sufficient facts from which the Court may find liability, the Court next turns to damages. *See Ryan*, 253 F.3d at 780–81. The kinds of damages available in default are circumscribed by the Complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The ultimate damages request must be supported by the record evidence. *See Lawbaugh*, 359 F. Supp. 2d at 423 n.2; *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010). The Court reviews the record evidence to determine the propriety of both monetary damages and equitable relief. *See CMH Manufacturing v. Neil*, No. JKB-21-0674, 2021 WL 4290634, at *4 (D. Md.

Sept. 21, 2021) (citing *U.S. ex rel. Siemens Indus., Inc. v. Hanover Ins. Co.*, Civ. No. DEM-15-0018, 2015 WL 13734073, at *2 (E.D. Va. Nov. 18, 2015)).

### III. Analysis

U.S. Bank seeks to correct the Nationwide deed of trust, adding Defendant Luis Ramos as a grantor and clarifying that Ramos' interests in the Property are encumbered. "It is a settled principle that a court of equity will reform a written instrument to make it conform to the real intention of the parties, when the evidence is so clear, strong and convincing as to leave no reasonable doubt that a mutual mistake was made in the instrument contrary to their agreement." *In re Madeoy*, 551 B.R. 172, 176 (D. Md. 2016) (quoting *Hoffman v. Chapman*, 182 Md. 208, 210 (1943)); *see also In re Wilkinson*, 186 B.R. 186, 190 (Bankr. D. Md. 1995) ("The plaintiff must show that 'there has been a mutual mistake—that is, where there has been a meeting of the minds—and an agreement actually entered into, but the instrument, in its written form, does not express what was intended by the parties thereto.'") (citation omitted). "Normally, if a court reforms a contract, the modification relates back to the date of the original transaction." *In re Madeoy*, 551 B.R. at 176.

As to declaratory relief, the Federal Declaratory Judgment Act allows federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937)) (alteration omitted).

Taking the Complaint facts as true, Defendant Ramos' failure to sign the Nationwide deed of trust was no more than a mere oversight.  At settlement, he signed all other pertinent documents, including the HUD-1 and Refinance Affidavit (attached to the deed of trust).  ECF Nos. 1 at 4 & 1-4 at 18; ECF No. 1-5 at 4.  The loan documents confirm that Ramos intended to be a co-grantor on the deed of trust, and so it is entirely appropriate to reform the Nationwide deed of trust to add Ramos as a signatory and grantor.  Likewise, the Court declares that U.S. Bank's interest is consistent with the reformed deed of trust and will enter an order accordingly. *See Centennial Life Ins. Co.*, 88 F.3d at 256.

Last, as to Count III, U.S. Bank does not ask for default judgment on the constructive trust claim.  ECF No. 19 & 19-1.  Nor would such relief be warranted given that the relief accorded in granting judgment on Counts I and II moots the request for a constructive trust.  *See Hess v. Kafka*, 221 F. Supp. 3d 669, 673 (D. Md. 2016) (quoting *Wimmer v. Wimmer*, 287 Md. 663, 668 (1980)) (constructive trust imposed "to convert the holder of the legal title to the property into a trustee for one who in good conscience should reap the benefits of the possession of said property").  Thus, because default judgment on Counts I and II remedies the inequity to U.S. Bank stemming from Ramos' failure to sign the deed, the Court dismisses Count III.

### IV.     Conclusion

For the foregoing reasons, U.S. Bank's motion for default judgment is GRANTED as to Counts I and II.  Count III is dismissed without prejudice.  A separate Order follows.

| September 8, 2022 | /s/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |